# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
07/23/2020
CT Log Number 537980790

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:** **Process Served in Connecticut**

**FOR:** Hartford Insurance Company  (Cross Ref Name)  (Domestic State: CT)
Hartford Fire Insurance Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STERN & EISENBERG, P.C., PLTF. vs. SENTINEL INSURANCE COMPANY, ET AL., DFTS. // TO: The Hartford insurance Group *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # L00247720 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/23/2020 at 11:19 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | According to the records of the (Jurisdiction Served) Secretary of State, the only entity registered beginning with the name The Hartford Insurance Group is hartford insurance company |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/23/2020, Expected Purge Date: 07/28/2020 |
| | Image SOP |
| | Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM |
| | Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700 Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350 MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Mattleman, Weinroth & Miller, P.C.,
Robert W. Williams, Esquire (048892014)
Ashley S. Nechemia, Esquire (263392018)
401 Route 70 East B Suite 100
Cherry Hill, New Jersey 08034
(856) 429-5507
File No. 17396.21626
Attorneys for Plaintiff

| | |
|---|---|
| Stern & Eisenberg, P.C., | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | LAW DIVISION |
| | CAMDEN COUNTY |
| v. | |
| | DOCKET NO.: L-002477-20 |
| Sentinel Insurance Company, Limited; The Hartford Insurance Group; John Does (1-10) and ABC Companies (1-10), | CIVIL ACTION |
| Defendants | SUMMONS |

From The State of New Jersey
To The Defendant(s) Named Above: The Hartford Insurance Group

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 60 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 60 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

MICHELLE M. SMITH
Clerk of the Superior Court

DATED:  July 22, 2020

Name of Defendant to Be Served: **The Hartford Insurance Group**
Address of Defendant to Be Served: **One Hartford Plaza, Hartford, CT 06155**

A True Copy
Attest:

Process Server
Christine Foran

MATTLEMAN, WEINROTH & MILLER, P.C.
Robert W. Williams, Esq. (Attorney ID No.: 048992014)
Ashley S. Nechemia, Esq. (Attorney ID No.: 263392018)
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034
(856) 429-5507
Our File No.: 17396.21626
*Attorneys for Plaintiff*

| | |
|---|---|
| **STERN & EISENBERG, P.C.**<br><br>Plaintiff,<br><br>vs.<br><br>**SENTINEL INSURANCE COMPANY, LIMITED, THE HARTFORD INSURANCE GROUP, JOHN DOES (1-10) and ABC COMPANIES (1-10)**<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

       Plaintiff, Stern & Eisenberg, P.C. ("S&E" or "Plaintiff"), having a place of business at 1040 North Kings Highway, Suite 407 in the Township of Cherry Hill, County of Camden and State of New Jersey, through its undersigned counsel, by way of Complaint, avers the following:

## PARTIES

       1.    Plaintiff, S&E, is a professional corporation, registered to conduct business in the State of New Jersey, with a physical address of 1040 North Kings Highway, Suite 407, Cherry Hill, NJ 08034.

       2.    Defendant, Sentinel Insurance Company, Limited ("Sentinel"), is located at One Hartford Plaza, Hartford, CT 06155.

1

3.     Defendant, The Hartford Insurance Group ("The Hartford"), is located at One Hartford Plaza, Hartford, CT 06155 (Sentinel and The Hartford are collectively referred to as "Defendants").

4.     Defendants, John Does 1 through 10 and ABC Companies 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are presently unknown to Plaintiff. When said true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting such information. Plaintiff is informed and believe and thereon allege that each of the factitiously named Defendants are responsible in some manner for the occurrences alleged herein and Plaintiff's damages were proximately caused by said Defendants.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue properly lay in the Superior Court of New Jersey, County of Camden, pursuant to *R.* 4:3-2(a) & (b) because Defendant regularly conducts business in Camden County.

## COMMON FACTUAL ALLEGATIONS

6.     Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this Complaint as if same were set forth at length herein.

7.     S&E is a full-service law firm with offices at the following locations:

   a.  1581 Main Street, Ste. 200, Warrington, PA 18976 ("Warrington Location");

   b.  458A US Highway 1 S, Ste. 110, Iselin, NJ 08830 ("Iselin Location");

   c.  1040 N. Kings Highway, Ste. 407, Cherry Hill, NJ 08034 ("Cherry Hill Location");

   d.  4976 Transit Road, Ste. 2, Depew, NY 14043 ("Depew Location");

   e.  1565 Main Street, Ste. 200, Warrington, PA 18976 ("Main Street Location");

2

      f.  500 Creek View Road, Ste. 304, Newark, DE 19711 ("Newark Location"); and

      g.  9920 Franklin Square Drive, Nottingham, MD 21236 ("Nottingham Location").

8.     S&E's practice areas include, but are not limited to:

      a.  Creditor's Rights, including foreclosure, eviction/ejectment, and bankruptcy;

      b.  Real Estate Law;

      c.  Wills & Estates;

      d.  Litigation;

      e.  Business Law;

      f.  Compliance;

      g.  Elder Law; and

      h.  Personal Injury.

9.     S&E purchased a Spectrum Business Owner's Policy from The Hartford bearing Policy No.: 44 SBA AF4089 (the "Policy").

10.    The insurer under the Policy is Sentinel.

11.    The Policy is contained on form SS 00 02 12 06.

12.    The Policy Period is from November 1, 2019 to November 1, 2020.

13.    The Policy provides coverage to the following locations:

      a.  The Warrington Location;

      b.  The Iselin Location;

      c.  The Cherry Hill Location;

      d.  The Depew Location;

3

     e.  The Main Street Location;

     f.  The Newark Location; and

     g.  Nottingham Location.

14.    The Policy provides coverage for "Action of Civil Authority."

15.    The Policy provides coverage for "Business Income and Extra Expense."

16.    On March 9, 2020 the Governor of New Jersey, Phil Murphy, signed Executive Order 103 which declared both a Public Health and State of Emergency in New Jersey.

17.    On March 11, 2020, COVID-19 was declared to be a global pandemic by the World Health Organization.

18.    On March 13, 2020, the President of the United States of America declared a national emergency as a result of COVID-19.

19.    On March 18, 2020, the U.S. Department of Housing and Urban Development issued Mortgagee Letter 2020-04 which imposed a foreclosure and eviction moratorium on all FHA-insured mortgages to mitigate the spread of COVID-19.

20.    On March 18, 2020, the Pennsylvania Supreme Court declared a General Statewide Judicial Emergency placing a moratorium on foreclosures, ejectments, evictions, and directed, "that all Pennsylvania courts are generally closed to the public beginning at the close of business on March 19, 2020."

21.    On March 19, 2020, the Governor of Pennsylvania, Tom Wolf, ordered the closure of all businesses that are not life sustaining.

22.    On March 19, 2020, Governor Murphy signed Executive Order 106 which imposed a moratorium on residential eviction and foreclosure proceedings.

4

23.     On March 21, 2020, Governor Murphy signed Executive Order 107 which required New Jersey Residents to remain home or at their place of residence subject only to certain limited exceptions.

24.     On March 22, 2020, the Governor of Delaware, John Carney, ordered non-essential businesses in Delaware to close.

25.     On March 22, 2020, the Governor of New York, Andrew Cuomo, announced the "New York State on Pause" Executive Order mandating the statewide closure of all non-essential businesses.

26.     On March 23, 2020, the Governor of Maryland, Lawrence J. Hogan, Jr., executed an Order of the Governor of the State of Maryland, Number: 20-03-23-01, mandating the closures of all non-essential businesses and other establishments.

27.     On March 24, 2020, Governor Carney's Modified Declaration of State of Emergency barred the commencement of foreclosure actions and all sheriff's sales. (The averments contained within paragraphs 16 through 27 are collectively referred to as "Governmental Actions").

28.     As a result of the above-referenced Governmental Actions, S&E as suffered a direct physical loss of and damage to its property because it has been unable to use its property for its intended purpose.

29.     On March 18, 2020, S&E submitted a claim for coverage to The Hartford for the losses it suffered.

30.     On June 16, 2020, The Hartford denied S&E's claim for coverage.

### COUNT I – BREACH OF CONTRACT: WARRINGTON LOCATION

31.     Plaintiff hereby incorporates by reference paragraphs 1 through 30 above as if set forth in full.

5

32.     The Policy is an enforceable contract between S&E and Sentinel.

33.     The Policy provides "Action of Civil Authority" coverage for the Warrington Location.

34.     The Policy provides coverage for "Business Income and Extra Expense" coverage for the Warrington Location.

35.     S&E suffered an insured loss at the Warrington Location.

36.     Sentinel's refusal to provide coverage for losses suffered at the Warrington Location constitutes breach of contract.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants as follows:

       a.  An award of Consequential and Compensatory Damages;

       b.  Attorneys' fees and costs; and

       c.  Such other relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT: ISELIN LOCATION

37.     Plaintiff hereby incorporates by reference paragraphs 1 through 36 above as if set forth in full herein.

38.     The Policy is an enforceable contract between S&E and Sentinel.

39.     The Policy provides "Action of Civil Authority" coverage for the Iselin Location.

40.     The Policy provides coverage for "Business Income and Extra Expense" coverage for the Iselin Location.

41.     S&E suffered an insured loss at the Iselin Location.

42.     Sentinel's refusal to provide coverage for losses suffered at the Iselin Location constitutes breach of contract.

6

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants as follows:

        a. An award of Consequential and Compensatory Damages;

        b. Attorneys' fees and costs; and

        c. Such other relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT: CHERRY HILL LOCATION

43.     Plaintiff hereby incorporates by reference paragraphs 1 through 42 above as if set forth in full herein.

44.     The Policy is an enforceable contract between S&E and Sentinel.

45.     The Policy provides "Action of Civil Authority" coverage for the Cherry Hill Location.

46.     The Policy provides coverage for "Business Income and Extra Expense" coverage for the Cherry Hill Location.

47.     S&E suffered an insured loss at the Cherry Hill Location.

48.     Sentinel's refusal to provide coverage for losses suffered at the Cherry Hill Location constitutes breach of contract.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants as follows:

        a.    An award of Consequential and Compensatory Damages;

        b.    An award of Attorneys' fees and costs; and

        c.  Such other relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT: DEPEW LOCATION

49. Plaintiff hereby incorporates by reference paragraphs 1 through 48 above as if set forth in full herein.

50. The Policy is an enforceable contract between S&E and Sentinel.

51. The Policy provides "Action of Civil Authority" coverage for the Depew Location.

52. The Policy provides coverage for "Business Income and Extra Expense" coverage for the Depew Location.

53. S&E suffered an insured loss at the Depew Location.

54. Sentinel's refusal to provide coverage for losses suffered at the Depew Location constitutes breach of contract.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants as follows:

      a. An award of Consequential and Compensatory Damages;

      b. Attorneys' fees and costs; and

      c. Such other relief as the Court deems just and proper.

<u>**COUNT V – BREACH OF CONTRACT: MAIN STREET LOCATION**</u>

55. Plaintiff hereby incorporates by reference paragraphs 1 through 54 above as if set forth in full herein.

56. The Policy is an enforceable contract between S&E and Sentinel.

57. The Policy provides "Action of Civil Authority" coverage for the Main Street Location.

58. The Policy provides coverage for "Business Income and Extra Expense" coverage for the Main Street Location.

59. S&E suffered an insured loss at the Main Street Location.

60.     Sentinel's refusal to provide coverage for losses suffered at the Main Street Location constitutes breach of contract.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants as follows:

      a.   An award of Consequential and Compensatory Damages;

      b.  Attorneys' fees and costs; and

      c.  Such other relief as the Court deems just and proper.

## COUNT VI – BREACH OF CONTRACT: NEWARK LOCATION

61.     Plaintiff hereby incorporates by reference paragraphs 1 through 60 above as if set forth in full herein.

62.     The Policy is an enforceable contract between S&E and Sentinel.

63.     The Policy provides "Action of Civil Authority" coverage for the Newark Location.

64.     The Policy provides coverage for "Business Income and Extra Expense" coverage for the Newark Location.

65.     S&E suffered an insured loss at the Newark Location.

66.     Sentinel's refusal to provide coverage for losses suffered at the Newark Location constitutes breach of contract.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant as follows:

      a.   An award of Consequential and Compensatory Damages;

      b.  Attorneys' fees and costs; and

      c.  Such other relief as the Court deems just and proper.

## COUNT VII – BREACH OF CONTRACT: NOTTINGHAM LOCATION

9

67.     Plaintiff hereby incorporates by reference paragraphs 1 through 66 above as if set forth in full herein.

68.     The Policy is an enforceable contract between S&E and Sentinel.

69.     The Policy provides "Action of Civil Authority" coverage for the Nottingham Location.

70.     The Policy provides coverage for "Business Income and Extra Expense" coverage for the Nottingham Location.

71.     S&E suffered an insured loss at the Nottingham Location.

72.     Sentinel's refusal to provide coverage for losses suffered at the Nottingham Location constitutes breach of contract.

   **WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants as follows:

   a.     An award of Consequential and Compensatory Damages;

   b.   Attorneys' fees and costs; and

   c.   Such other relief as the Court deems just and proper.

## COUNT VIII – DECLARATORY JUDGMENT (*N.J.S.A.* 2A:16-50 *ET SEQ.*): WARRINGTON LOCATION

73.     Plaintiff hereby incorporates by references paragraphs 1 through 72 above as if set forth in full herein.

74.     Plaintiff has fully complied with its obligations under the Policy.

75.     Plaintiff's losses at the Warrington Location continue to accrue as of the filing of this complaint as a result of the Governmental Actions.

76.     Defendants' June 16, 2020 disclaimer letter precludes coverage for both past, present, and future losses at the Warrington Location.

77.     An actual controversy exists as to the extent and scope of coverage provided by the Policy.

**WHEREFORE,** Plaintiff demands a declaratory judgment in its favor and against Defendants as follows:

a.   Declaring that Plaintiff's losses at the Warrington Location as a result of the Governmental Actions are insured losses under the Policy; and

b.   Declaring that Defendant is obligated to pay the full amount of losses incurred at the Warrington Location as a result of the Governmental Actions.

## COUNT IX – DECLARATORY JUDGMENT (*N.J.S.A.* 2A:16-50 *ET SEQ.*): ISELIN LOCATION

78.     Plaintiff hereby incorporates by references paragraphs 1 through 77 above as if set forth in full herein.

79.     Plaintiff has fully complied with its obligations under the Policy.

80.     Plaintiff's losses at the Iselin Location continue to accrue as of the filing of this complaint as a result of the Governmental Actions.

81.     Defendants' June 16, 2020 disclaimer letter precludes coverage for both past, present, and future losses at the Iselin Location.

82.     An actual controversy exists as to the extent and scope of coverage provided by the Policy.

**WHEREFORE,** Plaintiff demands a declaratory judgment in its favor and against Defendants as follows:

a.   Declaring that Plaintiff's losses at the Iselin Location as a result of the Governmental Actions are insured losses under the Policy; and

11

b. Declaring that Defendant is obligated to pay the full amount of losses incurred
at the Iselin Location as a result of the Governmental Actions.

## COUNT X – DECLARATORY JUDGMENT (_N.J.S.A._ 2A:16-50 _ET SEQ._): CHERRY HILL LOCATION

83. Plaintiff hereby incorporates by references paragraphs 1 through 82 above as if set
forth in full herein.

84. Plaintiff has fully complied with its obligations under the Policy.

85. Plaintiff's losses at the Cherry Hill Location continue to accrue as of the filing of this
complaint as a result of the Governmental Actions.

86. Defendants' June 16, 2020 disclaimer letter precludes coverage for both past, present,
and future losses at the Cherry Hill Location.

87. An actual controversy exists as to the extent and scope of coverage provided by the
Policy.

WHEREFORE, Plaintiff demands a declaratory judgment in its favor and against
Defendants as follows:

a. Declaring that Plaintiff's losses at the Cherry Hill Location as a result of the
Governmental Actions are insured losses under the Policy; and

b. Declaring that Defendant is obligated to pay the full amount of losses incurred
at the Cherry Hill Location as a result of the Governmental Actions.

## COUNT XI – DECLARATORY JUDGMENT (_N.J.S.A._ 2A:16-50 _ET SEQ._): DEPEW LOCATION

88. Plaintiff hereby incorporates by references paragraphs 1 through 87 above as if set
forth in full herein.

89. Plaintiff has fully complied with its obligations under the Policy.

12

90.     Plaintiff's losses at the Depew Location continue to accrue as of the filing of this complaint as a result of the Governmental Actions.

91.     Defendants' June 16, 2020 disclaimer letter precludes coverage for both past, present, and future losses at the Depew Location.

92.     An actual controversy exists as to the extent and scope of coverage provided by the Policy.

**WHEREFORE**, Plaintiff demands a declaratory judgment in its favor and against Defendants as follows:

    a.  Declaring that Plaintiff's losses at the Depew Location as a result of the Governmental Actions are insured losses under the Policy; and

    b.  Declaring that Defendant is obligated to pay the full amount of losses incurred at the Depew Location as a result of the Governmental Actions.

## COUNT XII – DECLARATORY JUDGMENT (*N.J.S.A.* 2A:16-50 *ET SEQ.*): MAIN STREET LOCATION

93.     Plaintiff hereby incorporates by references paragraphs 1 through 92 above as if set forth in full herein.

94.     Plaintiff has fully complied with its obligations under the Policy.

95.     Plaintiff's losses at the Main Street Location continue to accrue as of the filing of this complaint as a result of the Governmental Actions.

96.     Defendants' June 16, 2020 disclaimer letter precludes coverage for both past, present, and future losses at the Main Street Location.

97.     An actual controversy exists as to the extent and scope of coverage provided by the Policy.

WHEREFORE, Plaintiff demands a declaratory judgment in its favor and against Defendants as follows:

      a. Declaring that Plaintiff's losses at the Main Street Location as a result of the Governmental Actions are insured losses under the Policy; and

      b. Declaring that Defendant is obligated to pay the full amount of losses incurred at the Main Street Location as a result of the Governmental Actions.

## COUNT XIII – DECLARATORY JUDGMENT (*N.J.S.A.* 2A:16-50 *ET SEQ.*): NEWARK LOCATION

98.    Plaintiff hereby incorporates by references paragraphs 1 through 97 above as if set forth in full herein.

99.    Plaintiff has fully complied with its obligations under the Policy.

100.    Plaintiff's losses at the Newark Location continue to accrue as of the filing of this complaint as a result of the Governmental Actions.

101.    Defendants' June 16, 2020 disclaimer letter precludes coverage for both past, present, and future losses at the Newark Location.

102.    An actual controversy exists as to the extent and scope of coverage provided by the Policy.

WHEREFORE, Plaintiff demands a declaratory judgment in its favor and against Defendant as follows:

      a. Declaring that Plaintiff's losses at the Newark Location as a result of the Governmental Actions are insured losses under the Policy; and

      b. Declaring that Defendant is obligated to pay the full amount of losses incurred at the Newark Location as a result of the Governmental Actions.

14

## COUNT XIV – DECLARATORY JUDGMENT (*N.J.S.A.* 2A:16-50 *ET SEQ.*): NOTTINGHAM LOCATION

103.    Plaintiff hereby incorporates by references paragraphs 1 through 102 above as if set forth in full herein.

104.    Plaintiff has fully complied with its obligations under the Policy.

105.    Plaintiff's losses at the Nottingham Location continue to accrue as of the filing of this complaint as a result of the Governmental Actions.

106.    Defendants' June 16, 2020 disclaimer letter precludes coverage for both past, present, and future losses at the Nottingham Location.

107.    An actual controversy exists as to the extent and scope of coverage provided by the Policy.

WHEREFORE, Plaintiff demands a declaratory judgment in its favor and against Defendants as follows:

    a.    Declaring that Plaintiff's losses at the Nottingham Location as a result of the Governmental Actions are insured losses under the Policy; and

    b.    Declaring that Defendant is obligated to pay the full amount of losses incurred at the Nottingham Location as a result of the Governmental Actions.

## COUNT XV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

108.    Plaintiff hereby incorporates by references paragraphs 1 through 107 above as if set forth in full herein.

109.    The Policy is a valid and enforceable contract.

110.    In all contracts there is an implied covenant of good faith and fair dealing.

15

111. Defendants had an implied obligation to act in good faith as a result of its issuance of the Policy and collection of premiums.

112. Defendants breached its obligations by willfully misinterpreting the policy and relevant law in denying Plaintiff's claim.

113. Defendants' breach of the implied covenant of good faith and fair dealing had and will continue to cause Plaintiff substantial damage.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants as follows:

    a.    An award of Consequential and Compensatory Damages;

    b.    Attorneys' fees and costs; and

    c.    Such other relief as the Court deems just and proper.

                                         **MATTLEMAN, WEINROTH & MILLER, P.C.**
                                         *Attorneys for Plaintiff*

                                         */s/ Robert W. Williams*
                                         _____

                                         By:  Robert W. Williams, Esq.

                                         */s/ Ashley S. Nechemia*
                                         _____

                                         By:  Ashley S. Nechemia, Esq.

Dated: July 21, 2020



16

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE**, that pursuant to *R.* 4:25-4, the Plaintiff hereby designates Robert W. Williams, Esquire, and Ashley S. Nechemia, Esquire, of the firm Mattleman, Weinroth & Miller, P.C. as designated trial counsel for all purposes in this matter.

**MATTLEMAN, WEINROTH & MILLER, P.C.**
*Attorneys for Plaintiff*

*/s/ Robert W. Williams*

By: Robert W. Williams, Esq.

*/s/ Ashley S. Nechemia*

By: Ashley S. Nechemia, Esq.

Dated: July 21, 2020

A True Copy
Attest
Process Server
Christine Fortin

17

## CERTIFICATION OF NO OTHER ACTIONS

**PLEASE TAKE NOTICE,** that pursuant to R. 4:5-1(b)(2), it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

> **MATTLEMAN, WEINROTH & MILLER, P.C.**
> *Attorneys for Plaintiff*
>
> */s/ Robert W. Williams*
>
> _____
> By:  Robert W. Williams, Esq.
>
> */s/ Ashley S. Nechemia*
>
> _____
> By:  Ashley S. Nechemia, Esq.

Dated: July 21, 2020

A True Copy
Attest

Process Server
Christina Foran

18

## NOTICE PURSUANT TO R. 1:5-1(a) AND R. 4:17-4(c)

**PLEASE TAKE NOTICE**, that pursuant to R. 1:5-1(a) and R. 4:17-4(c), the party submitting this pleading to the Court for filing hereby demand that each party named in the this complaint and/or amended complaint that serves or receives pleading of any nature (including discovery requests) to or from any other party to the action, forward copies of same along with any documents provided in answer or response thereto to counsel for Plaintiff and this is a continuing demand.

**MATTLEMAN, WEINROTH & MILLER, P.C.**
*Attorneys for Plaintiff*

*/s/ Robert W. Williams*

By: Robert W. Williams, Esq.

*/s/ Ashley S. Nechemia*

By: Ashley S. Nechemia, Esq.

Dated: July 21, 2020

A True Copy
Attest:

Process Server
Christine Foran

## NOTICE PURSUANT TO R. 1:7-1(b)

**PLEASE TAKE NOTICE,** that to the extent applicable to this case, the party submitting this pleading to the Court for filing may, at the time of closing argument, suggest to the trier of fact with respect to any element of damages, that unliquidated damages be calculated on a time-unit basis, without reference to a specific sum.

**MATTLEMAN, WEINROTH & MILLER, P.C.**
*Attorneys for Plaintiff*

*/s/ Robert W. Williams*

By: Robert W. Williams, Esq.

*/s/ Ashley S. Nechemia ·*

By: Ashley S. Nechemia, Esq.

Dated: July 21, 2020

# Civil Case Information Statement

Case Details: CAMDEN | Civil Part Docket# L-002477-20

**Case Caption:** STERN & EISENBERG, P .C. VS SENTINEL INSURANCE C

**Case Initiation Date:** 07/21/2020

**Attorney Name:** ROBERT W WILLIAMS

**Firm Name:** MATTLEMAN WEINROTH & MILLER, PC

**Address:** 401 RT 70 E STE 100

CHERRY HILL NJ 08034

**Phone:** 8564295507

**Name of Party:** PLAINTIFF : Stern & Eisenberg, P.C.

**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** Stern & Eisenberg, P.C.? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/21/2020
Dated

/s/ ROBERT W WILLIAMS
Signed

Attest:
Process Server
Christine Foran